UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD COOK, 06B1287,   **DECISION AND ORDER**

          Petitioner,

    v.

MARK BRADT, Superintendant,   Case No.: 08-CV-0467(M)
Elmira Correctional Facility,

          Respondent.
_____

       Petitioner Donald Cook, an inmate acting *pro se*, filed a petitioner under 28 U.S.C. §2254 for a writ of habeas corpus on June 24, 2008 [1].[1]  The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [6].  For the following reasons, I order that the petition be DENIED.

## BACKGROUND

       Petitioner is alleged to have engaged in sexual conduct with his daughter, a minor, between approximately August 6, 2004 and September 25, 2004.  As a result of these incidents, petitioner was charged in an indictment (No. 00348-2005) with, *inter alia*, criminal sexual act in the first degree (N.Y. Penal Law §130.50(3)).

       Following a <u>Huntley</u> hearing, Supreme Court Justice Ronald H. Tills denied petitioner's motion to suppress his statements made to Buffalo, New York Police Department

---

[1]     Bracketed references are to CM/ECF docket entries.

-1-

Detective Salvatore Valvo, concluding that the statements were voluntarily made. *See* Decision, dated December 9, 2005.

On January 18, 2006, petitioner pleaded guilty before Supreme Court Justice Richard C. Kloch, Sr. to criminal sexual act in the first degree in full satisfaction of the charges in the indictment. *See* Plea. The plea was "conditioned upon the Defendant's waiver of his right to appeal." Plea, pp. 2-3. Petitioner was sentenced to a determinate term of imprisonment of thirteen years, followed by five years of post-release supervision. Sentencing, p. 5.

On April 27, 2006, petitioner moved to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") Section 440.10 on the grounds that he was denied a speedy trial, that the court lacked jurisdiction, that the plea was not voluntarily and knowingly entered, and that counsel did not provide effective assistance. Memorandum and Order of Hon. Richard C. Kloch, Sr., dated August 22, 2006. The motion to vacate conviction was denied on August 22, 2006, id, and leave for permission to appeal to the New York Supreme Court, Appellate Division, Fourth Department was denied on June 15, 2007. Order of Hon. Robert G. Hurlbutt.

Petitioner appealed the judgment of conviction to the New York Supreme Court, Appellate Division, Fourth Department, arguing that the trial court failed to order a competency hearing prior to accepting his guilty plea, he was denied the effective assistance of counsel, that his statement to Detective Valvo was involuntary and without the benefit of <u>Miranda</u> warnings, that the complaint filed by Detective Valvo was false and unsworn, that the integrity of the grand jury proceeding was impaired by false statements made by Detective Valvo, that Detective Valvo persisted in making false statements during the <u>Huntley</u> hearing, that the indictment

contained duplicitous counts, and that he did not voluntarily and knowingly enter the plea. Appellate Brief by Michael J. Stachowski, Esq., dated June 25, 2007; Petitioner's *Pro Se* Supplemental Brief.

The Appellate Division unanimously affirmed the judgment of conviction, finding that the trial court had not abused its discretion in failing to order another competency evaluation or hearing and that the remaining contentions in petitioner's *pro se* supplemental brief were without merit. See People v. Cook, 46 A.D.3d 1427, 1428 (4th Dept. 2007). The Appellate Division also held that petitioner's claim that his plea was the result of ineffective assistance of counsel should have been raised by way of a CPL Article 440 motion. Id.

By letter dated January 8, 2008, petitioner's counsel moved for leave to appeal to the New York State Court of Appeals. This motion was denied by the Court of Appeals. *See* People v. Cook, 10 N.Y.3d 809 (2008).

**The Habeas Corpus Petition**

In his habeas corpus petition, petitioner asserts: (1) that his confession to Detective Valvo was coerced and without an explanation of his Miranda rights; (2) that he was denied effective assistance of counsel; (3) that the complaint was unsworn; and (4) that the complaint, grand jury indictment, and Huntley hearing were impaired by Detective Valvo's allegedly false statements and testimony. Petition [1].

**ANALYSIS**

A. **Exhaustion and Procedural Default**

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack on his conviction before he may seek habeas relief in federal court. 28 U.S.C. §2254(b); Bossett v. Walker, 41 F. 3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995). To exhaust state remedies, "the petitioner must apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." Galdemez v. Keane, 394 F. 3d 68, 73 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

"When a claim has never been presented to a state court, a federal court may theoretically find that there is an absence of available State corrective process under §2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state form would be futile." Aparicio v. Artuz, 269 F. 3d 78, 90 (2d Cir. 2001). "This apparent salve, however, proves to be cold comfort to most petitioners because it has been held that when the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, federal habeas courts also must deem the claims procedurally defaulted." Id.

Significantly, the "dismissal of a habeas claim on the ground that it was procedurally defaulted differs crucially from a dismissal for failure to exhaust state remedies. Dismissal for a procedural default is regarded as a disposition of the habeas claim on the merits."

Id. Nevertheless, a claim can avoid procedural default if the petitioner shows "cause for the default and prejudice, or demonstrates that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)". Id.

Furthermore, the Anti-Terrorism and Effective Death Penalty act of 1996 ("AEDPA") "permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted. 28 U.S.C. §2254(b)(2). However, there exists no complementary power to grant a habeas petition on an unexhausted claim". Id. at 91 n. 5.

**B.      Standard of Review**

A habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

"A determination of a factual issue made by a State court shall be presumed to be correct", unless the petitioner rebuts this presumption by "clear and convincing evidence". 28 U.S.C. §2254(e)(1).

**C.      Petitioner's Claim that He Was Denied <u>Miranda</u> Rights And That His Confession Was Coerced**

Petitioner argues that the "confession" he made to Detective Valvo on February 4, 2005 was improper in that Detective Valvo "never personal [*sic*] explain Miranda rights", and

-5-

further argues that the confession was coerced, claiming that Detective Valvo threatened to "have my daughter taken away if I did not cooperate with him" and that Detective Valvo "promised mental health if I did give him [*sic*] what he wanted to hear." Petition, [1]. In opposition, respondent argues that "petitioner's claim is both unexhausted and procedurally barred", stating that "although petitioner sought a certificate for leave to appeal from the Court of Appeals, he did not ask the court to review this issue." Respondent's Memorandum [4], pp. 2-3.

"'In New York, to invoke 'one complete round of the State's established appellate review process' . . . , a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal.' . . . 'New York Court rules require that leave applicants submit to the Court of Appeals briefs and other documents from the lower courts to 'identify the issues on which the application is based' and to pay '[p]articular written attention ... to identifying problems of reviewability and preservation of error.'" Smith v. Duncan, 411 F. 3d 340, 345 (2d Cir. 2005).

Petitioner raised his claims regarding the voluntariness of his confession in his supplemental *pro se* brief submitted to the Appellate Division. The Appellate Division denied these claims, stating "we have considered the remaining contentions in defendant's *pro se* supplemental brief, and we conclude that they are without merit". Cook, supra, 46 A.D. 3d at 1428. In his January 8, 2008 letter requesting leave to appeal to the Court of Appeals, petitioner's counsel enclosed the briefs submitted to the Appellate Division and stated, *inter alia*, that "appellant expressly urges that *leave to appeal be granted to review the following issues*:

The determination by the trial court which was affirmed in the Appellate Division . . . seems at odds with the determination of the Court of Appeals in People vs. Smyth, 3 NY 2d 184, 187 and it progeny. In that case, the Court of Appeals had said 'reasonable grounds to question competency triggers a duty of the Court to direct an inquiry.'" (emphasis added).

Having only identified his mental competency claim in his motion for leave to appeal to the Court of Appeals, petitioner failed to exhaust the balance of the claims he raised before the Appellate Division, including his challenge to the voluntariness of his confession. *See* Smith v. Duncan, supra, 411 F. 3d at 345 ("Even if the original Appellate Division briefs are submitted along with the leave application, New York's highest court has no duty to 'look for a needle in a paper haystack.'"); Ramirez v. Attorney General of the State of New York, 280 F. 3d 87, 97 (2d Cir. 2002) ("References to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal."); Jordan v. Lefevre, 206 F. 3d 196, 198 (2d Cir. 2000) ("Arguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly appraise the state courts of those remaining claims.").

Even if petitioner's claim was exhausted, it is procedurally defaulted. *See* Aparicio, supra, 269 F. 3d at 90 ("when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted" (quoting Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991)). Petitioner is precluded from again seeking leave to appeal because he has

already made a request for leave to appeal. *See* St. Helen v. Senkowski, 374 F.3d 181, 183-184 (2d Cir. 2004), cert. denied, 543 U.S. 1058 (2005) ("St. Helen has procedurally defaulted on his vagueness claim because New York's procedural rules now bar him from raising it in New York courts. Further direct review by the Court of Appeals is no longer available, see N.Y. Court Rules, §500.10(a)(authorizing only one request for review of a conviction)"); Velazquez v. Poole, 614 F. Supp. 2d 284, 319 (E.D.N.Y. 2007) ("this federal claim is nonetheless deemed exhausted and procedurally defaulted because petitioner failed to raise this constitutional claim in his direct appeal. . . . He cannot now seek leave to appeal and raise the federal nature of this issue, because he has already made the one and only request for leave to appeal to which he is entitled under New York Court Rules.").

Moreover, petitioner's guilty plea and waiver of appeal bars him from challenging the voluntariness of his confession. "The Supreme Court has held that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights." Salaam v. Giambruno, 559 F. Supp. 2d 292, 296-297 (W.D.N.Y. 2008) (Larimer, J.) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "When a defendant has admitted under oath, in open court, his guilt with regard to the charged offense, he may not raise constitutional violations antecedent to the entry of the guilty plea. A defendant's only recourse is to 'attack the voluntary and intelligent character of the guilty plea . . . .'"). Id. at 297. There is no indication from the plea colloquy that petitioner's plea was anything but knowing and voluntary. "The doctrine of Tollett bars [petitioner's] claim concerning alleged improprieties in the grand jury. The substance of this claim does not relate to the voluntariness of [petitioner's] guilty plea, and it therefore is barred from habeas review." Id.

*See* Bailey v. Sabourin, 2003 WL 21845907, *4 (E.D.N.Y. 2003) (claim that arresting officer failed to read Miranda warnings prior to questioning defendant barred by guilty plea waiving right to appeal).

However, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray v. Netherland, 518 U.S. 152, 162 (1996). Petitioner makes no showing of cause or prejudice. His claims must therefore "be dismissed without reaching the merits". Grey v. Hoke, 933 F. 2d 117, 120 (2d Cir. 1991).

Therefore, I order that this claim for habeas relief be denied.

### D. Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner states that he was deprived of effective assistance of counsel because his counsel failed to (1) move to dismiss the complaint, (2) present alibi evidence, (3) challenge the "[per]jury acts of the detective", (4) arrange a private mental health evaluation, and (5) challenge that "defendant had said he did not commit the crime where [and] when they said." Petition [1]. In his reply, petitioner presents a sixth argument that the ineffectiveness of his counsel made his plea unknowing and involuntary. Reply [5], p. 3. In opposition, respondent argues that these claims are unexhausted and barred by petitioner's guilty plea. Respondent's Memorandum [4], pp. 4-5.

Respondent states that "petitioner did not seek leave to appeal to the Court of Appeals on his claim of ineffective assistance of counsel . . . ." Answer [3], ¶1. While petitioner

raised claims of ineffective assistance of counsel in his appellate brief and supplemental *pro se* brief, his letter brief for leave to appeal from the Court of Appeals only expressly presented his mental competency claim as a basis for review. *See* Letter Brief Dated January 8, 2008. As explained above, this was insufficient to exhaust these claims. "Because petitioner has already had the one appeal to which he is entitled under New York law, he is now procedurally barred from raising the claim." Bailey, supra, 2003 WL 21845907 at *4. Petitioner also makes no showing of cause or prejudice. These claims must therefore "be dismissed without reaching the merits". Grey, supra, 933 F. 2d at 120.

Moreover, the five claims raised in the petition do not relate to the voluntariness of the guilty plea or the advice which petitioner received regarding the plea, and are thereby barred by petitioner's guilty plea and waiver of his right to appeal. *See* Sullivan v. Goord, 2007 WL 2746900, *4 (W.D.N.Y. 2007) (Larimer, J./ Bianchini, M.J.) ("Sullivan's claims of ineffectiveness ascribed to attorney Cotter are barred . . . because the substance of those claims do not relate to the voluntariness of Sullivan's plea or the advice he received with regard to pleading guilty.").

The claim raised by petitioner in his reply attacking the voluntariness of his plea would survive the waiver of appeal, but was not raised in the petition. *See* Sanchez v. Connell, 2009 WL 1617142, *6 (N.D.N.Y. 2009) ("Ordinarily, this Court does not reach issues raised for the time in a traverse." (citing Rules Governing Section 2254 Cases, Rule 2(c)(1) ("The petition must . . . specify all the grounds for relief available to the petitioner.").

In any event, this claim fails on the merits. "In order to prevail on an ineffective assistance of counsel claim, a defendant must first show that his counsel's performance was

-10-

deficient and must then show that the deficiency caused actual prejudice to his defense." Clark v. Stinson, 214 F. 3d 315, 321 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The deficiency prong is established by showing that the attorney's conduct fell 'outside the wide range of professionally competent assistance.' . . . The prejudice prong is established by showing that there is a 'reasonable probability' that, but for the deficiency, 'the result of the proceeding would have been different.'" Id. (quoting Strickland, supra, 466 U.S. at 690, 694). In evaluating the evidence of whether an attorney's representation of a criminal defendant is deficient, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (quoting Strickland, 466 U.S. at 689).

Petitioner argues that his counsel's failure to present an alibi defense "put overwheliming pressure to accpeted this plae . . . " [*sic*], and so rendered his plea involuntary. Reply [5], p. 3. However, petitioner's argument is generalized and conclusory, failing to identify even the form in which the "overwhelming pressure" occurred. This is insufficient to establish that counsel was ineffective. *See* St. Jean v. United States, 2008 WL 4415170, *2 (N.D.N.Y. 2008) ("Broad, generalized claims of an attorney's failure to pursue a defense are insufficient to sustain a claim of ineffective assistance of counsel under the first prong of the Strickland test"). The transcripts of the plea colloquy establish that petitioner's acceptance of the plea agreement was in fact knowing and voluntary, where petitioner answered affirmatively that he freely and voluntarily entered the plea without any form of coercion and was explained in detail the rights that he waived. *See* Plea, pp. 7-8.

For these reasons, I order that these claims for habeas relief be denied.

**E.     Petitioner's Claims Concerning the Propriety of the Complaint, Grand Jury, and Huntley Hearing.**

Petitioner claims that Detective Valvo alleged false facts in support of the complaint and failed to have the complaint sworn, misquoted facts to the grand jury, and lied during the Huntley hearing. In opposition, respondent argues that petitioner's guilty plea precludes federal habeas corpus review. Respondent's Memorandum [4], p. 8.

Petitioner's claims of impropriety in the antecedent proceedings are waived by his guilty plea and waiver of appeal. *See* Dozier v. Walsh, 2009 WL 1492217, *3 (S.D.N.Y. 2009) ("A guilty plea acts as a waiver of all non-jurisdictional defects occurring prior to the plea . . . . This waiver includes defects before the grand jury"); Walter v. Superintendent, 2008 WL 41663122, *12 (N.D.N.Y. 2008) ("Even if the claim [regarding defects in the felony complaint] were not procedurally defaulted and rendered irrelevant by the indictment, it would be barred by Petitioner's voluntary and intelligent guilty plea").

Furthermore, "even accepting as true [petitioner]'s assertion that the felony complaint was defective and addressing the issue on the merits, petitioner would not prevail on the merits. Assuming counsel had successfully moved to dismiss it, this would not have necessarily changed the outcome. The State would have been entitled to simply cure the defects in the felony complaint, represent it to the grand jury and obtain a new indictment." Sanchez, supra, 2009 WL 1617142 at *6 (N.D.N.Y. 2009).

For these reasons, I order that these claims for habeas relief be denied.

F.  **Certificate of Appealability**

For a Certificate of Appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right ." 28 U.S.C. §2253(c)(2).  To make the required "substantial showing",  the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam), cert. denied, 538 U.S. 950 (2003). Petitioner has made no such substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

For these reasons, it is hereby ORDERED, that the petitioner's motion for a writ of habeas corpus under 28 U.S.C. §2254 is DENIED.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I also order that a Certificate of Appealability not be issued.

**SO ORDERED**.

DATED:	October 9, 2009

          /s/ Jeremiah J. McCarthy
          JEREMIAH J. MCCARTHY
          United States Magistrate Judge